UNITED STATES DISTRICT COURT     FOR ONLINE PUBLICATION ONLY
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------ X

ALVIN MCLEAN,                                :

                Petitioner,               :

                                         :                     MEMORANDUM

                - against -                    :                     AND ORDER

                                         :

MICHAEL MCGINNIS, et al.,             :                     97-CV-3593 (JG)

                Respondent.             :

------------------------------------------------------------ X

A P P E A R A N C E S :

       ALVIN MCLEAN
            93A9397
            Shawangunk Correctional Facility
            P.O. Box 700
            Wallkill, NY 12589
            Petitioner, *Pro Se*

       RICHARD A. BROWN
            District Attorney
            Queens County
            125-01 Queens Boulevard
            Kew Gardens, NY 11415
   By:    John M. Castellano
            Merri Turk Lasky
            Attorney For Respondent

JOHN GLEESON, United States District Judge:

        *Pro se* petitioner Alvin McLean moves pursuant to Fed. R. Civ. P. 60(b) to vacate the judgment denying his petition for a writ of habeas corpus on the ground that the judgment was procured by fraud on the Court. For the reasons stated below, McLean's motion is denied.

## BACKGROUND

A.     *Facts*

        In August 1987, fifteen-year-old James Garcia was staying with his friend Andrew Garret in the basement of a single-family house in Queens, New York. Both Garret and

Garcia were working for Filmore Gayle, known as "Phil," and Tyrone Lawrence, known as "Tee." Phil and Tee had a marijuana distribution organization, called "Pillow," and both had formerly belonged to a rival marijuana distribution organization called "Slice." On the night of August 3, 1987, McLean and Garfield Wright, a member of Slice, entered the basement where Garcia and Garret were staying, shot Garret and Garcia, and took money from Garret's pocket. Garret died, and Garcia was gravely injured.

In support of its case against McLean, the government relied on Garcia's testimony about the events of August 3, 1987. The defense's theory of the case was that Garret and Garcia were shot by Wright and the head of Slice, Peter Young, who was also known as "Mack." In support of this theory, McLean offered the testimony of Mack's younger brother, Jeffrey Young, as well as the testimony of Wright and Tee, who stated that McLean was not a member of Slice and that Mack was responsible for the shootings.

B.   *Procedural History*

On November 19, 1993, McLean was convicted by a jury in New York Supreme Court, Queens County, of murder in the second degree, attempted murder in the second degree, robbery in the first degree, assault in the first degree, and two counts each of criminal use of a firearm in the first degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree. McLean appealed the judgment of conviction to the Appellate Division, Second Department, but the conviction was affirmed. *People v. McLean* (*McLean I*), 640 N.Y.S.2d 265 (2d Dep't 1996). On June 20, 1996, the New York Court of Appeals denied McLean's application for leave to appeal. *People v. McLean* (*McLean II*), 88 N.Y.2d 938 (1996).

On June 19, 1997, McLean filed a petition for a writ of habeas corpus in this Court. *McLean v. McGinnis* (*McLean III*), 29 F. Supp. 2d 83 (E.D.N.Y. 1998). McLean argued that the trial court erroneously precluded him from introducing (1) testimony by Tee that Garcia had identified a photograph of Mack as one of the shooters and had described the second shooter as a light-skinned Jamaican man with a gold tooth; (2) evidence that a non-testifying police officer wrote in a police report that the detective who interviewed Garcia had told him that Garcia said that "another guy was with Slice;" (3) testimony that one of the detectives on the case had a nickname within Slice and had received money from Mack; (4) an alleged confession by Mack to his brother. Also, McLean argued that a videotape of Wright's statements was improperly introduced into evidence, and the trial court improperly refused to direct the jury that it was introduced as impeachment evidence.

In a memorandum and order dated October 21, 1998, I denied the petition, finding that the trial court erred only with respect to its preclusion of Tee's testimony, but that the error was harmless. *McLean III*, 29 F. Supp. 2d at 98-99. I issued a certificate of appealability on the question whether the preclusion of Tee's testimony deprived McLean of a fair trial. *Id.* at 100. On August 20, 1999, the Court of Appeals affirmed. *McLean v. McGinnis*, 189 F.3d 461 (2d Cir. 1999). McLean's petition for a writ of certiorari to the Supreme Court was denied on December 6, 1999. *McLean v. McGinnis*, 528 U.S. 1050 (1999).

On March 15, 2004, McLean filed an application for a writ of error *coram nobis* in the Appellate Division, Second Department, claiming he was denied the right to effective assistance of appellate counsel. The Appellate Division denied the motion on October 12, 2004, *People v. McLean*, 11 A.D.3d 565 (2d Dep't 2004), and the New York Court of Appeals denied his application for leave to appeal on December 28, 2004. *People v. McLean*, 4 N.Y.3d 746

(2004). He filed a second motion for *coram nobis* relief, claiming on a new ground that he was denied the right to effective assistance of appellate counsel. His motion was again denied by the Appellate Division on September 12, 2005, *People v. McLean*, 21 A.D.3d 970 (2d Dep't 2005), and on January 13, 2006, the New York Court of Appeals denied his application for leave to appeal. *People v. McLean*, 6 N.Y.3d 778 (2006).

On May 2, 2006, McLean moved to vacate his judgment of conviction pursuant to N.Y. Crim. Proc. Law § 440.10, arguing that (1) the State had failed to disclose to McLean prior assistance it had given to Garcia; (2) the prosecutor made knowing misrepresentations to the jury in his summation when he stated that Peter Young had died in prison in Nassau County and that the F.B.I. had no stake in McLean's conviction; (3) the court erred in denying McLean's request for disclosure of the FBI file on this case; (4) the State withheld *Brady* and/or *Rosario* material from McLean; (5) McLean was denied effective assistance of trial counsel; and (6) McLean was denied his right to a public trial when the court had his young children removed from the courtroom prior to the jury charge. The court denied his motion on July 14, 2006, *People v. McLean*, No. 5389/87 (N.Y. Sup. Ct. Jul. 24, 2006), and his application for leave to appeal to the Appellate Division was denied on October 24, 2006. *People v. McLean*, No. 2006-08597 (2d Dep't Oct. 24, 2006).

On May 24, 2007, McLean moved in the Court of Appeals for the Second Circuit to recall the mandate entered on August 20, 1999 on the ground that the judgment was obtained by fraud in that the State had knowingly and deliberately misrepresented to both the trial and appellate courts that Peter Young died in prison in Nassau County, when, according to McLean, Young did not die in prison. On June 28, 2007, the Court of Appeals denied McLean's motion to recall the mandate. *McLean v. McGinnis*, No. 98-3753-pr (2d Cir. June 28, 2007).

4

DISCUSSION

A.  *Standard of Review*

Rule 60(b) "allows a party to seek relief from a final judgment and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). With respect to a previous habeas proceeding, relief is available under Rule 60(b) "only when the Rule 60(b) motion attacks the integrity of the habeas proceeding and not the underlying criminal conviction." *Harris v. United States*, 367 F.3d 74, 77 (2d Cir. 2004); *Gonzalez*, 545 U.S. at 533. Indeed, "[a] motion under Rule 60(b) and a petition for habeas have different objectives. The habeas motion under 28 U.S.C. § 2254 seeks to invalidate the state court's judgment of conviction . . . [while] the motion under Rule 60(b) . . . seeks only to vacate the federal court judgment dismissing the habeas petition." *Rodriguez v. Mitchell*, 252 F.3d 191, 198 (2d Cir. 2001).

Motions for relief from judgment because of fraud pursuant to Rule 60(b)(3) can ordinarily be decided by the district court without prior circuit court authorization, because an allegation of fraud on the habeas court typically "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings." *Gonzalez*, 545 U.S. at 532 n.5. However, not all allegations of fraud on the habeas court clearly fall in this category. *See, e.g.*, *Spitznas v. Boone*, 464 F.3d 1213, (10th Cir. 2006) (where "the fraud on the habeas court includes (or necessarily implies) related fraud on the state court . . . , then the motion will ordinarily be considered a second or successive petition because any ruling would inextricably challenge the underlying conviction proceeding").

5

B.  *McLean's Claim of Fraud*

While McLean has cast his argument as an attack on the integrity of the judgment denying his habeas petition, his motion actually challenges the underlying criminal conviction and is "effectively indistinguishable from [an allegation that he is] . . . entitled to habeas relief." *Gonzalez*, 545 U.S. at 532.  First, McLean contends that the State perpetrated a fraud on this Court when the prosecutor, while cross-examining Wright, "deliberately introduced" to the jury his knowledge of Young and where Young had died.[1]  Second, McLean contends that the prosecutor improperly argued at summation that Peter Young died in prison in Nassau County.[2] He further asserts that the prosecutor improperly allowed this Court on habeas review to rely on that statement, thus infecting the judgment denying the habeas relief as well.  McLean does not dispute that Young had died by the time McLean was on trial; rather he only disputes the prosecutor's statement and this Court's reference to the fact that Young had died *in prison*.

When I denied McLean's habeas petition, the location of Young's death was irrelevant to my reasoning.  I did rely on the overwhelming evidence of McLean's guilt, as evidenced by Garcia's testimony that he had seen McLean "hanging out" with Wright in Pillow

---

[1] 
> Q. And Peter Young just happen to die last October; is that right?
> A. Yes, I was upstate when it happened.
> Q. And that was when he died in prison out in Nassau County?
> A. I don't know where he died in.  I was upstate and heard he died.

Trial Tr. 1670.

[2] At summation, the prosecutor told the jury

> Again ladies and gentlemen, Jeffrey Young.  Young.  Supposedly the brother of this mysterious Peter Young who everybody would have us believe is the head of slice.  But one thing . . . comes out in all this?  Peter Young died in prison.  He died in Nassau County Jail.  Again, ladies and gentlemen, a coincidence.  These guys come in here and say that the second guy is a - - the second guy is somebody who is dead.  Again, ladies and gentlemen, ask yourselves [does] this makes sense?  Or is somebody trying to pull the wool over your eyes?

Trial Tr. 1990.

6

territory just one week before the shooting; the fact that the shooting lasted for about thirty minutes, giving Garcia sufficient time to identify McLean as the shooter, as he later did from a photo array and at trial; and the fact that upon his arrest, McLean admitted that he had accompanied Wright to the scene of the shooting. *McLean III*, 29 F. Supp. 2d at 98. I also denigrated McLean's defense strategy of attempting to pin the murder on Mack, a dead man. But my reasoning had nothing to do with *where* Young had died.

"The most popular avenue" for circumventing AEDPA's limitation on successive petitions is by way of a Rule 60(b) motion that attacks a district court judgment denying a petition. *Rogers v. Artuz*, No. 00-2718 (JBW), 2007 WL 4209423, at *1 (E.D.N.Y. Nov. 30, 2007). Here, McLean's real challenge is to the underlying conviction, not to the integrity of the habeas proceeding resolved by me ten years ago. His attempt to file a new challenge under the guise of a Rule 60(b) motion is therefore in vain.

Even if I were to accept that the instant filing attacked the integrity of the judgment denying his petition, I would deny it because there was no fraud on the Court. Relief pursuant to Rule 60(b)(3) is available only when a movant establishes, by clear and convincing evidence, that the prosecutor engaged in fraud or other misconduct. *See Fleming v. N.Y. Univ.*, 865 F.2d 478, 484 (2d Cir. 1989) ("[A] Rule 60(b)(3) motion cannot be granted absent clear and convincing evidence of material misrepresentations and cannot serve as an attempt to relitigate the merits."). "A movant under Rule 60(b) must demonstrate 'exceptional circumstances' justifying the extraordinary relief requested." *Employers Mut. Cas. Co. v. Key Pharm.*, 75 F.3d 815, 824-25 (2d Cir. 1996).

McLean has submitted no evidence to support his assertions that the prosecutor knew, either at the time of trial or at the time of the habeas proceeding before me, that Young

had not died in prison. McLean has not even established that Young did *not* in prison; Young's death certificate and the letters from the Nassau County Police Department suggest only that Young may not have died at the Nassau County Correctional Center. Additionally, where Young died is not a material fact, for McLean concedes that Young was dead at the time of trial. Neither the prosecutor's nor my discrediting of McLean's theory of defense -- shifting the blame to a dead man -- is undermined by a different location of Young's death. The location is therefore immaterial.

CONCLUSION

McLean's motion pursuant to Fed. R. Civ. P. 60(b) to vacate the order denying his habeas petition is denied. To the extent that McLean's arguments would make out proper grounds for relief on a successive habeas petition, this Court is without jurisdiction to hear them. Successive petitions require prior certification by the Court of Appeals. 28 U.S.C. § 2244(b). Accordingly, McLean's motion is hereby transferred to the United States Court of Appeals for the Second Circuit pursuant to 28 U.S.C. § 1613. *See, e.g.*, *Poindexter v. Nash*, 333 F.3d 372, 382 (2d Cir. 2003) (district court "must transfer successive petitions to the Second Circuit"); *Liriano v. United States*, 95 F.3d 119, 122-23 (2d Cir. 1996) ("[W]hen a second or successive petition for habeas corpus relief . . . is filed in a district court without the authorization [of the Second Circuit], the district court should transfer the petition or motion to [the Second Circuit] in the interests of justice . . . .").

So ordered.

John Gleeson, U.S.D.J.

Dated: February 4, 2008
      Brooklyn, New York